■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS GALLO, Appellant.— Appeal by defendant from a judgment of the County Court, Kings County, rendered December 16, 1957 after a jury trial, convicting him of robbery in the first degree (two counts) and of kidnapping, and imposing sentence. Judgment affirmed. On May 30, 1957 defendant admitted one of the holdups to the police detective; defendant also told the detective where the gun used in the holdups was hidden, and it was found in that place. On the following day, May 31, 1957, defendant was arraigned. On June 10, 1957 he told the detective where the holdup car was left, and it was found in the place specified. At the trial defendant testified; he denied participation in both of the holdups; denied advising the police on May 30, 1957 about the gun; and denied that he gave the police any information on June 10, 1957. Defendant now contends that the postarraignment statement of June 10, 1957 in the absence of counsel requires reversal (People v. Meyer, 11 N Y 2d 162). In the

*Meyer* case there was objection to the admission of the statement. In the present case there was not. In our opinion, the evidence establishing defendant's guilt was so overwhelming that the failure to object precludes reversal (cf. *People* v. *Friola*, 11 N Y 2d 157). We have examined the other points raised by defendant, but find no merit in any of them. Beldock, P. J., Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur.